**United States Bankruptcy Court**
**Eastern District of Louisiana**

04-14984

In re    **Diane Allen**            Case No.           
           Debtor(s)            Chapter    **13**

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$201.00** per month for **58** months.

   Total of plan payments: **$11,658.00**

2. <u>Plan Length</u>: This plan is estimated to be for **58** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:    **6.50**%
      (2) Attorney's Fee (unpaid portion):    **$1,394.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):    **NONE**

   b. Priority Claims under 11 U.S.C. § 507

   | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
   |---|---|---|---|---|
   | -NONE- | | | | |

   c. Secured Claims
      (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

   | Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
   |---|---|---|---|---|
   | -NONE- | | | | |

   (2) Secured Debts Which Will Extend Beyond the Length of the Plan

   | Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
   |---|---|---|---|---|
   | -NONE- | | | | |

   d. Unsecured Claims
      (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

   | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
   |---|---|---|---|---|
   | -NONE- | | | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **0** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.
The total payout to unsecured creditors at 0% is $5.94.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Name/Description of Collateral | Amount of Default to be Cured | Monthly Payment | Interest Rate (If specified) | Total Payments |
|---|---|---|---|---|
| **GMAC Mortgage** | 9,500.00 | 109.44 Month 8 | 0.00% | 9,500.00 |
| **2716 Woodmere Blvd., Marrero** | | 187.93 Mos 9-57 | | |
| | | 181.99 Month 58 | | |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| **GMAC Mortgage** | **2716 Woodmere Blvd., Marrero** | 90,900.00 | 56,950.00 |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
**Debtor's Employer: Piccadilly Restaurant**
**$92.77 to be deducted Bi-weekly and remitted to the Trustee.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | | |

11. Title to the Debtor's property shall revest in debtor on confirmation of a plan.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

| | |
|---|---:|
| 1. Attorney Fees | **1,394.00** |
| 2. Arrearages | **9,500.00** |
| 3. Secured Claims | **0.00** |
| 4. Priority Claims | **0.00** |
| 5. Separate Class of Unsecured Claims | **0.00** |
| 6. All other unsecured claims | **5.94** |
| Total payments to above Creditors | **10,899.94** |
| Trustee fees | **758.06** |
| Total Debtor payments to the Plan | **11,658.00** |

Reconciliation with Chapter 7:

| | |
|---|---:|
| Interest of unsecured creditors if Chapter 7 filed | |
| Total property of debtor | **98,255.00** |
| Property securing debt (excludes avoided liens) | **66,450.00** |
| Priority unsecured claims (Schedule E) | **0.00** |
| Exempt property | **31,650.00** |
| Administrative Costs | **1,500.00** |
| Available to General Unsecured (Under Chapter 7) | **0.00** |
| Total General Unsecured | **6,314.38** |
| Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.) | **0%** |
| Percent of unsecured, nonpriority claims paid under Plan | **0%** |

Date **July 2, 2004**    Signature **/s/ Diane Allen**
**Diane Allen**
Debtor